1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  RASHAD MUSTAFA SHADEED,            No.  CIV.S-06-1456 FCD DAD PS
12         Plaintiff,
13     v.                              ORDER AND
14  BOARD OF PRISON TERMS, et al.,     FINDINGS AND RECOMMENDATIONS
15         Defendants.
16  _____/
17       This matter is before the court on defendant Mary
18  McNamara's motion to dismiss pursuant to Federal Rule of Civil
19  Procedure 12(b)(6).  Plaintiff, proceeding pro se, appeared on his
20  own behalf at the hearing on the motion.  Laurel Headley appeared on
21  behalf of defendant McNamara.  Having considered all written
22  materials submitted in connection with the motion, and after hearing
23  oral argument,[1] the undersigned will recommend that the motion be
24  granted and that defendant McNamara be dismissed with prejudice.

---

[1] Plaintiff did not file written opposition but appeared at the hearing and was permitted to argue in opposition to the motion.

1

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint or of any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In a case where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)(en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff initiated this action by paying the appropriate filing fee and filing his complaint on June 30, 2006. The complaint is difficult to decipher and consists of 84 pages. Most of those pages consist of plaintiff's handwritten allegations or his medical

records from various correctional facilities.  The complaint names a number of defendants and its allegations are wide-ranging.  There are ten enumerated "claims."  Only two of those claims concern defendant McNamara who, as an Assistant Federal Public Defender in the Northern District of California, apparently represented plaintiff in a criminal prosecution during the years 1997 and 1998.  Claim four alleges that plaintiff was the victim of housing discrimination in 1996-97 in San Francisco and that defendant McNamara failed to investigate that alleged discrimination.  Claim six vaguely alleges that defendant McNamara coerced plaintiff into pleading guilty in the criminal case in which she represented him and rendered ineffective assistance of counsel in this regard.

Liberally construed, claims four and six are state law claims for legal malpractice.  However, as defendant McNamara accurately points out, those claims are barred by the applicable statute of limitations. California Code of Civil Procedure § 340.6 governs claims against an attorney for wrongful acts or omissions arising from the performance of professional services, other than actual fraud which is not alleged here.  Under § 340.6 the statute of limitations expires "one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." Cal. Code Civ. Proc. § 340.6.  See Coscia v. McKenna & Cuneo, 25 Cal. 4th 1194, 1206 (2001).  Here, plaintiff filed his complaint nearly eight years after the conclusion of the criminal proceedings.  There

3

appearing no basis for tolling the statute of limitations, the undersigned therefore will recommend that claims four and six brought against defendant McNamara be dismissed as time-barred.

The court also sees no plausible connection between plaintiff's housing situation and defendant McNamara's representation of plaintiff in criminal proceedings that were pending against him in 1997 and 1998.  The court is aware of no legal authority that would have required plaintiff's federal public defender to investigate a civil housing dispute in connection with her representation of plaintiff in an unrelated criminal proceeding.  Nor has plaintiff identified any such authority.  The court also notes that an ineffective assistance of counsel claim is more properly pursued in a post-conviction relief proceeding such as a petition for writ of habeas corpus, not in a civil action such as the instant one.  For these reasons as well, the undersigned will recommend that defendant McNamara's motion to dismiss be granted and claims four and six be dismissed for failure to state a cognizable claim.

Granting leave to amend would be futile under these circumstances.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).  Therefore, the undersigned will recommend that defendant Mary McNamara be dismissed from this action with prejudice.

Next, plaintiff has requested the appointment of counsel.  However, plaintiff is not proceeding in forma pauperis such that the court has discretion to request an attorney to represent him.  See 28

U.S.C. § 1915(e)(1).  Nor is this a Title VII action in which the court may appoint counsel.  See <u>Bradshaw v. Zoological Soc'y of San Diego</u>, 662 F.2d 1301, 1318 (9th Cir. 1981).  Moreover, even assuming either of those standards applied, there has been no showing demonstrating plaintiff's likelihood of success on the merits warranting the appointment of counsel.  See <u>Johnson v. U.S. Dept. of Treasury</u>, 939 F.2d 820, 824 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).  Thus, the request for appointment of counsel will be denied.

Finally, plaintiff recently filed a very brief handwritten "motion to expedite and change of venue."  (Doc. no. 22.)  However, the motion is unsupported by any meaningful discussion of the applicable law and facts, nor has it been noticed for hearing as required by the local rules.  Moreover, plaintiff does not indicate what it is he desires to have expedited nor does he indicate precisely where he desires this action be transferred.  For all of these reasons, plaintiff's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel and "motion to expedite and change of venue" are denied.

IT IS HEREBY RECOMMENDED that the motion to dismiss be granted and that defendant Mary McNamara be dismissed from this action with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being

served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 6, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\shadeed1456.f&r

6